CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for
the
NOV 06 2007
JOHN F. CORCORAN, CLERK
BY: HMcDonald
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| ALFRED JR. BLANKENSHIP,<br>Plaintiff, | Civil Action No. 7:07-cv-00493 |
| v. | **MEMORANDUM OPINION** |
| CAPT. DOUG BAKER,<br>Defendant. | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Plaintiff Arthur Jr. Blankenship filed this pro se civil rights complaint pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343, in the United States District Court for the Eastern District of Virginia on October 3, 2007. In an order entered on October 15, 2007, that Court observed that plaintiff and defendant both reside within the Western District of Virginia and that all events pertaining to the case occurred here; accordingly, the case was transferred to this district, pursuant to 28 U.S.C. § 1406(a). Upon consideration of the complaint, it is clear that plaintiff admits that he did not exhaust the grievance procedure, offering the explanation that "it would have done no good." Because plaintiff did not exhaust his administrative remedies before filing this action, I find that his claims must be dismissed pursuant to 42 U.S.C. § 1997e(a).*

The Prison Litigation Reform Act requires that inmates exhaust all available administrative remedies before filing an action challenging prison conditions. 42 U.S.C. § 1997e(a); see also, Dixon v. Page, 291 F.3d 485 (7th Cir. 2002), citing Perez v. Wisconsin Dep't of Corrections, 182 F.3d 532, 535 (7th Cir. 1999) (holding that an inmate complaint must be dismissed for failure to exhaust even if the inmate demonstrates that he filed a grievance and appealed it to the highest level

---

* Plaintiff alleges unconstitutional prison conditions at the Southwest Virginia Regional Jail Authority facility in Haysi, Virginia. Plaintiff's claims comprise, inter alia, his expressions of discontent regarding lockdown conditions and having to eat in a cell in proximity to a toilet. Plaintiff seeks injunctive relief in the form of "having Doug Baker fired and someone else in his place that will take us off lockdown for no reason and not make us eat in a bathroom."

of the prison's grievance procedure after commencing the lawsuit). The exhaustion requirement "applies to all inmate suits about prison life." Porter v. Nussle, 534 U.S. 516, 532 (2002). Proper exhaustion of administrative remedy procedures for purposes of § 1997e(a) means using all steps that the agency holds out, and doing so properly, so that the agency addresses the issues on the merits. See, e.g., Woodford v. Ngo, 548 U.S. ___, slip op. at 6-8 (2006). Section 1997e(a) applies whether or not the form of relief the inmate seeks is available through exhaustion of administrative remedies. Booth v. Churner, 532 U.S. 731, 741 (2001). The exhaustion provision is mandatory, even in those instances where an inmate claims that exhaustion would be futile or the remedy inadequate. Id. n.6. A district court may sua sponte dismiss a complaint where a prisoner's failure to exhaust is apparent from the face of the complaint. Anderson v. XYZ Correctional Health Services, 407 F.3d 674, 683 (2005).

Generally, inmates have a grievance procedure available that includes the following steps: an informal complaint; a regular grievance; and one or two levels of appeal, depending on the type of claim raised. In the instant complaint, plaintiff acknowledges the availability of the grievance procedure, but states that he did not exhaust all available administrative remedies before filing his complaint "because (no) [sic] grievance has ever been won" and thus complying with the exhaustion requirement "would have done no good." Nonetheless, as observed above, the exhaustion provision is mandatory, even in those instances where an inmate claims that exhaustion would be futile. Booth, 532 U.S. at 741 n. 6. Because plaintiff admits that he has not fully exhausted all available administrative remedies, as required pursuant to 42 U.S.C. § 1997e(a) before filing a federal lawsuit, I will dismiss this complaint pursuant to 42 U.S.C. § 1997e(a) for failure to exhaust administrative remedies.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

**ENTER:** This 6th day of November, 2007.

/s/ Jackson L. Kiser
Senior United States District Judge

3